794 So.2d 1045 (2001)
Charles STOKES, Appellant
v.
Hank CAMPBELL, Appellee.
No. 2000-CA-00101-COA.
Court of Appeals of Mississippi.
March 27, 2001.
Rehearing Denied June 5, 2001.
Certiorari Denied August 30, 2001.
*1046 Philip David Bridges, Brandon, for Appellant.
David L. Valentine, Ridgeland, for Appellee.
Before KING, P.J., PAYNE, and IRVING, JJ.
KING, P.J., for the Court:
¶ 1. Charles Stokes appeals the judgment in favor of Hank Campbell by the Rankin County Chancery Court. The court awarded Campbell a judgment of $13,342 against real property located in Rankin County. This award represented $12,000 Charles Stokes owed for a check returned due to insufficient funds, attorney's fees and court costs totaling $1,500 less $250 credited as half of the appraisal fee. Aggrieved by this judgment, Stokes raises the following errors: (1) whether the trial court erred by failing to properly credit the appellant's payment toward his debt to appellee, and (2) whether the trial court erred in awarding attorney's fees to appellee.
¶ 2. We affirm the judgment, but reverse and render the attorney's fees.

*1047 FACTS
¶ 3. Hank Campbell sold to Charles Stokes approximately 3.3 acres of land, at a price of $28,000. Stokes initially paid $2,000 of the purchase price, executed a note and a deed of trust with the Bank of Forest for $14,000, and agreed to pay the remaining $12,000 at closing. At closing, Stokes gave Campbell a $12,000 check, representing the balance of the purchase price. This check was later returned by the bank because of insufficient funds. At the same time, Stokes also gave Campbell a second check in the amount of $6,000. This check carried a notation on the memo line which said "land." This second check was good, and Campbell negotiated it.
¶ 4. Campbell filed suit against Stokes alleging that the $12,000 check had been returned due to insufficient funds and never redeemed by Stokes. Stokes, representing himself, answered denying these claims. At trial, Stokes testified that although the $12,000 was due at the time of closing, Campbell knew that Stokes was unable to pay the entire $12,000 at closing. Nevertheless, Stokes wrote the check knowing that he lacked sufficient funds to cover it. In fact, Stokes said that the check was written as a sham to complete the real estate transaction with the Bank of Forest's closing agent. He testified that the $6,000 check was intended for the outstanding $12,000 debt on the property, with an additional $6,000 to be paid at a later date. Stokes said that Campbell understood and agreed to this arrangement.
¶ 5. Campbell denied that he agreed to this arrangement. Campbell testified that notwithstanding several requests to Stokes to honor the check, he never did. As a result, Campbell brought this action to collect the unpaid $12,000. Campbell testified that Stokes never paid any money toward this outstanding debt.
¶ 6. Lisa Campbell, Campbell's wife, testified to having loaned Stokes $6,000 to make improvements to the land. There was no documentation of this loan. Mrs. Campbell testified that her husband was unaware of the loan, until the time of closing. Stokes denied the existence of this loan, but acknowledged that improvements were made to the property.
¶ 7. Campbell was granted a judgment in the amount of $13, 342 and a lien against the property. Stokes's motion for a new trial was denied. Stokes appealed from that judgment.

ISSUES AND ANALYSIS

I

Whether the trial court erred by failing to properly credit the appellant's payment toward his debt to the appellee.
¶ 8. Stokes contends that the chancellor should have given him credit for the $6,000 check. Stokes argues that having indicated on the memo line of the check that it was intended for land, it should have been applied to the dishonored $12,000 check. Relying on Champenois & Son v. Fort, 45 Miss 355, 357, 1871 WL 5891 (Miss.1871), Stokes argues that, as the debtor, it was his right to determine to which obligation his payment would be applied. Campbell argues that before this Court addresses the issue of debt appropriation, there must be a finding that the chancellor erred in his findings of facts. We agree.
¶ 9. When reviewing a chancellor's findings, this Court employs a limited standard of review. Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997) (citing Carrow v. Carrow, 642 So.2d 901, 904 (Miss. 1994)). The chancellor's findings will not be disturbed upon review unless the chancellor was manifestly wrong, clearly erroneous *1048 or applied an incorrect legal standard. Reddell, 696 So.2d at 288. See Bell v. Parker, 563 So.2d 594, 596-97 (Miss. 1990); Bowers Window & Door Co. v. Dearman, 549 So.2d 1309, 1313 (Miss. 1989). "The standard of review employed by this Court for review of a chancellor's decision is abuse of discretion." McNeil v. Hester, 753 So.2d 1057 (¶ 21) (Miss.2000) (citations omitted).
¶ 10. The evidence of this case was disputed. Lisa Campbell testified that Stokes asked for a $6,000 loan to make improvements on the land and promised to repay the money at a later date along with the existing $12,000 debt. Lisa Campbell loaned Stokes the money and informed her husband of the arrangement at closing. Hank and Lisa Campbell testified that improvements were made on the property, which included installation of a sewage system and a driveway. Stokes also acknowledged that these improvements were completed, but denied having borrowed the $6,000 from Lisa Campbell. Stokes claimed that the $6,000 was intended as payment on the existing $12,000 debt on the land due at closing. Stokes stated that his intent was made clear by a notation on the memo line of the check. That check is not a part of the record presented to this Court.
¶ 11. The chancellor sits as the fact finder and is the sole judge of the credibility of a witness when resolving factual disputes. Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994). After considering the evidence, the chancellor accepted the Campbells's testimony as the most credible, ruled that the $6,000 was to repay the loan, and granted them a judgment on the $12,000 check. This Court will not reverse a chancellor's findings if they are based on substantial credible evidence found in the record. Hammett v. Woods, 602 So.2d 825, 827 (Miss.1992) (citing Clark v. Myrick, 523 So.2d 79, 80 (Miss.1988)). Because there exists substantial credible evidence in the record, which supports the chancellor's findings, this Court must accept them. Accordingly, this Court affirms the judgment.

II

Whether the trial court erred in awarding attorney's fees to appellee.
¶ 12. Stokes argues that there was insufficient evidence to award Campbell attorney's fees because his testimony did not meet the required factors listed in McKee v. McKee, 418 So.2d 764 (Miss. 1982). The supreme court has confirmed that the McKee factors are to be used in figuring the appropriate amount of attorney's fees to be awarded, if a decision to award such fees has been made. Id. at 767. The issue in this case is the application of the standard for determining whether or not attorney's fees should be awarded at all, not the actual amount of those fees to be awarded.
¶ 13. A trial court's decision to award attorney's fees is subject to the abuse of discretion standard of review. Bank of Mississippi v. Southern Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996) (citing Barber v. Barber, 234 Miss. 89, 105 So.2d 630 (1958)). See also Mississippi Dep't of Wildlife, Fisheries & Parks v. Mississippi Wildlife Enforcement Officers' Ass'n, Inc., 740 So.2d 925, 937 (Miss.1999). Such awards must be supported by credible evidence. Young v. Huron Smith Oil Co., 564 So.2d 36, 40 (Miss.1990). However, attorney's fees are not to be awarded unless a statute or other authority so provides. Mississippi Dep't of Wildlife, Fisheries & Parks, 740 So.2d at 937.
¶ 14. In this case, Campbell relies on Miss.Code Ann. § 9-1-41 (Rev.1991) and § 11-7-12 (1972) in support of the trial *1049 court's award of attorney's fees. However, neither of these code sections addresses the standard for determining whether attorney's fees should be awarded. The record lacks credible evidence on which to support such an award. Accordingly, this Court finds that the chancellor's decision to award attorney's fees was an abuse of discretion.
¶ 15. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED IN PART. THE LIEN JUDGMENT IS AFFIRMED AND THE ATTORNEY'S FEES AWARDED TO APPELLEE IS REVERSED. APPELLANT IS TAXED WITH COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.
BRIDGES, J., not participating.