¶ 1. On March 12, 2001, Angela Gowdey filed in the Chancery Court of the First Judicial District of Hinds County, a petition for enforcement of foreign agreed decree of divorce, for registration of agreed decree of divorce, for citation of contempt and for modification of agreed decree of divorce. On May 30, 2001, Harry Gowdey filed a motion for continuance and response contesting jurisdiction. Hearing was held on June 1, 2001, in which the court found proper subject matter jurisdiction but not personal jurisdiction of Harry pursuant to Miss. Code Ann. §93-25-9.
¶ 2. Feeling aggrieved by the chancery court's decision, Angela perfected this appeal and alleges three assignments of error. Angela argues that the chancery court erred in failing to find personal jurisdiction over Harry based on Miss. Code Ann. § 93-25-9 (c), (d), and (e). After a thorough review of the record and statutory law, we find that Texas retained exclusive continuous jurisdiction over the decree, and therefore, Mississippi did not have jurisdiction to modify the decree.
 FACTS
¶ 3. Angela and Harry Gowdey were divorced on November 10, 1993, by virtue of an agreed decree of divorce entered in the District Court of 302d District, Dallas County, Texas. The decree appointed Angela as sole managing conservator of the two children born of the marriage. Andrew Robinson Gowdey was born September 23, 1985, and his brother Benjamin Foss Gowdey was born October 17, 1987. Harry was appointed as possessory conservator of the children.
¶ 4. At the time of the divorce, Angela and the two boys had been residing in Mississippi since July, 1992. Harry moved to Mississippi and purchased a home on May 19, 1999. Harry lived in Mississippi until September 8, 2000, when he sold his home in Jackson and moved to Texas.
 LAW AND ANALYSIS
¶ 5. A complication in our review arises because Harry did not file a brief with this *Page 69 
Court in response to Angela's brief on appeal. As the court has stated, "[f]ailure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error." Dethlefs v. Beau Maison Dev. Corp.,458 So.2d 714, 717 (Miss. 1984). Thus, our task is to determine if we can say unequivocally that no error appears in the record.
¶ 6. Angela argues that the trial court erred in failing to find personal jurisdiction over Harry. She maintains that pursuant to the Uniform Interstate Family Support Act (UIFSA), codified at Miss. Code Ann. § 93-25-1 through § 93-25-117 (Supp. 2001), Harry met the conditions of three of the eight factors by which personal jurisdiction may be established pursuant to Miss. Code Ann. § 93-25-9. Angela argues that Harry was subject to the jurisdiction of Mississippi courts because he meets the condition of, (c) he resided with his children in this state, (d) he resided in this state and provided support for the children, and (e) the children reside in this state as a result of his acts or directives.
¶ 7. The purpose of the UIFSA is to unify state laws governing the establishment, enforcement, and modification of child support orders. 23 Am. Jur.2d Desertion and Nonsupport § 73 (2002). The UIFSA does not create a duty of support; it does, however, provide the procedural framework for enforcing one state's support order in another jurisdiction. Thrift v. Thrift, 760 So.2d 732 (¶ 15) (Miss. 2000) .
¶ 8. The first step in addressing this issue is to determine whether jurisdiction would be proper in this state. A review of the relevant statutory law answers this question in the negative. Pursuant to the UIFSA, as adopted by Mississippi, "[a] tribunal of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to this chapter or to a law substantially similar to this chapter." Miss. Code Ann. §93-25-17 (4) (Supp. 2001). Texas has a similar statute which reserves continuing, exclusive jurisdiction in that state as long as "this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or until all of the parties who are individuals have filed written consents with the tribunal." Tex. Fam. Code § 159.205 (Vernon 2002).
¶ 9. In this case, Harry, the obligor in relation to child support, is a resident of Texas. Angela argues that because Harry left Texas and lived in Mississippi for a short time, Texas lost exclusive jurisdiction. We do not find this argument persuasive. There is no evidence in the record that Harry changed his residency when he purchased a home in Mississippi and lived here for a year. Harry did not change his driver's license, nor did he register to vote in this state. By the time, Angela filed the petition for contempt and to modify child support, Harry had sold his home in Mississippi and returned to Texas. No action was taken in regards to child support during the time that Harry lived in Mississippi. As such, continuing and exclusive jurisdiction remains in Texas.
¶ 10. This Court addressed a similar case in Watkins v. Watkins,802 So.2d 145 (Miss.Ct.App. 2001). In that case, the petitioner, Mr. Watkins, filed a petition in Mississippi pursuant to the UIFSA to modify and enforce a Georgia support order. Id. at (¶ 2). Because Mrs. Watkins, the obligor, was a resident of Georgia, this Court determined that Georgia retained jurisdiction of the support order and affirmed the lower court's dismissal for lack of jurisdiction. Id. at (¶ 6). *Page 70 
¶ 11. As stated above, the UIFSA was created to ensure the uniformity of decisions concerning the issue of child support. By virtue of that statute, this state lacks the necessary jurisdiction to resolve these issues presented in the case sub judice. Therefore, the chancellor's order dismissing the case is affirmed.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMEDAS TO ITS DISMISSAL OF THE CASE BUT IT IS REVERSED AS TO ITS FINDING OFSUBJECT MATTER JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED ONEHALF TO THE APPELLEE AND ONE HALF TO THE APPELLANT.
KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, IRVING, MYERS ANDBRANTLEY, JJ., CONCUR. McMILLIN, C.J., AND LEE, J., NOT PARTICIPATING.