KING, C. J.,
for the Court.
¶ 1. Patricia Scaife appeals from an order of the Monroe County Chancery Court dismissing her complaint for lack of jurisdiction. Scaife asserts the following issues, which we quote verbatim:
I. Did the trial court err in dismissing Appellant’s Complaint to Enforce Child Custody Order And For Modification of Child Custody Order because of lack of personal jurisdiction over the Appellee, when this defense was not raised by Appellee’s pleadings.
II. Did the trial court err in dismissing Appellant’s Complaint To Enforce Child Custody Order And For Modification Of Child Custody Order and Amendment To Complaint To Enforce Child Custody Order And For Modification Of Child Custody Order because of lack of personal jurisdiction over the Appellee, when the Appellee did not enter a special appearance, but entered a general appearance by filing an Entry of Appearance, Answer And Counter-Complaint and Motion For Appointment of Guardian Ad Litem.
Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On September 11, 2000, Darren Ray Scaife and Patricia Scaife were divorced by a final decree of divorce entered in the *1091 Superior Court of Lincoln County, Washington. By agreement of the parties, Darren was awarded custody of the parties’ oldest child, Travis Scaife, and Patricia was awarded custody of the parties’ two younger children.
¶ 3. During the marriage the family resided in the states of California and Washington. Since the divorce, Patricia and the two younger children have lived in Mississippi. Darren and Travis moved to Missouri for a period of time, and then moved back to California where they have resided since August of 2001.
¶ 4. While the two younger children were visiting with Darren in Missouri, they made allegations that Patricia’s boyfriend was “doing things” to them. Darren reported these allegations to the local authorities, and then filed a motion for change of custody in the Circuit Court of Webster County, Missouri. On June 26, 2001, a temporary order of custody was entered granting him custody of the two younger children. Patricia filed a writ of habeas corpus for return of the children. The children were returned to Patricia after she agreed to keep them away from her boyfriend.
¶ 5. On August 15, 2001, Patricia filed a complaint in the Chancery Court of Monroe County to enforce the child custody order and for its modification. On November 7, 2001, Darren, through his attorney, filed an entry of appearance. On November 26, 2001, Darren filed an answer to the complaint, and a counter-complaint seeking custody of the two younger children. On December 26, 2001, Darren filed a motion for appointment of a guardian ad litem. On January 4, 2002, the chancellor entered an order authorizing the appointment of a guardian ad litem.
¶ 6. On March 26, 2002, Darren filed a motion for leave of court to amend his answer, and to withdraw his counter-complaint. Patricia did not object, and the court granted Darren leave to amend his answer. On July 12, 2002, Darren filed an amended answer, asserting as an affirmative defense, that the court lacked personal jurisdiction and subject matter jurisdiction over the minor child, Travis, who resided in California, and requested that Patricia’s complaint be dismissed.
¶ 7. On May 20, 2002, Patricia filed a motion requesting leave to amend her complaint. Over Darren’s objection, the court granted her request, and on October 4, 2002, Patricia filed an amended complaint and requested an increase in child support for the two minor children over which she exercised sole custody.
¶ 8. A hearing was scheduled for October 1, 2002, on Darren’s motion to dismiss Patricia’s complaint due to a lack of subject matter and personal jurisdiction over Travis. The chancellor requested letter briefs, and no testimony was taken.
¶ 9. On January 10, 2003, the chancellor entered an order giving full faith and credit to the orders of the Superior Court of the State of Washington, and dismissed Patricia’s complaint for lack of jurisdiction. The chancellor found that Darren had properly amended his answer to assert the defense of lack of personal jurisdiction, and since he had not appeared personally, the court could not assume jurisdiction over him.
¶ 10. Aggrieved by this dismissal, Patricia appeals to this Court.
ISSUES AND ANALYSIS
¶ 11. Patricia contends that the chancellor erred in dismissing her complaint since Darren’s amended answer set out as an affirmative defense that the trial court lacked subject matter and personal jurisdiction only as to the minor child, Travis, and not to himself. She argues that the *1092 Uniform Child Custody Jurisdiction Act, as it then existed, codified in Mississippi Code Annotated Sections 93-23-1 (Rev. 1994) to 93-23-47 (Rev.1994) requires jurisdiction over the parents of the child, not of the child himself.
¶ 12. Patricia also contends that Mississippi Rules of Civil Procedure Rule 8(c) requires that all affirmative defenses be specifically pled, or the defense is waived. She refers us to Canizaro v. Mobile Comms. Corp. of America, 655 So.2d 25 (Miss.1995), where the supreme court held that affirmative defenses must be raised in the answer or they are waived. On this basis, Patricia contends that Darren should have asserted that the court did not have subject matter or personal jurisdiction over him as an affirmative defense, and his failure to do so constituted a waiver of the defense.
¶ 13. Finally, Patricia contends, that Darren subjected himself to the jurisdiction of the Mississippi court for the purposes of adjudicating child support matters by filing responsive documents pursuant to her complaint.

Standard of Review

¶ 14. “When reviewing a chancellor’s findings, this Court employs a limited standard of review.” Stokes v. Campbell, 794 So.2d 1045, 1047(¶9) (Miss.Ct. App.2001) (citations omitted). “The chancellor’s findings will not be disturbed upon review unless the chancellor was manifestly wrong, clearly erroneous or applied an incorrect legal standard.” Id. at 1047-48(¶ 9) (citations omitted). “The standard of review employed by this Court for review of a chancellor’s decision is abuse of discretion.” Id. at 1048(¶ 9).

Out of State Custody Orders

¶ 15. We now turn to the Uniform Child Custody Jurisdiction Act (UCCJA), which is applied in a dispute over jurisdiction between two states in child custody and visitation matters. Section 93-23-5(1) (Rev.1994) of the UCCJA, which speaks to the jurisdiction of this state’s courts, provides:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training and personal relationships; or
(c) The child is physically present in this state and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(d)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b) or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine *1093 the custody of the child, and (ii) it is the best interest of the child that this court assume jurisdiction.
Miss.Code Ann. § 93-23-5. (emphasis added).
Because Mississippi was not the state of origin of this domestic dispute, any authority for disposition of matters of child custody must be found in Mississippi Code Annotated Section 93-23-5(1). The chancellor found, and this Court agrees, that Patricia failed to offer any set of facts which would authorize jurisdiction under 93-23-5.
¶ 16. Under 93-23-5, the child must (1) be a resident of this state, (2) have a significant contact with this state, or (3) be physically present in this state under exigent circumstances. In the case of Travis, none of these requirements were met.
¶ 17. Travis is not a resident of Mississippi, and has only been here for a two week visit. He was born in California and has lived there most of his life, including the fourteen month period prior to the filing of this action. Notwithstanding the presence of his mother and siblings in Mississippi, Travis has no connection with Mississippi. Nor is there present in this state any substantial evidence concerning the present or future care, protection, training or personal relations affecting Travis. All information concerning the health and welfare of Travis is located in California.
¶ 18. The chancellor correctly found that Mississippi lacked jurisdiction, and no further analysis is required under Mississippi Code Annotated Section 93-23-5(1).
¶ 19. Patricia is correct that under Rule 8, personal jurisdiction is an affirmative defense, which is waived if not affirmatively pled. As this Court has noted, the UCCJA requires personal jurisdiction of the minor child and the contestant. Darren properly raised the issue of lack of jurisdiction over Travis in his amended complaint. The chancellor’s finding that she lacked jurisdiction over Travis rendered the issue of jurisdiction over Darren moot.

Out of State Child Support Orders

¶ 20. In her reply brief, Patricia argues that jurisdiction existed to decide the issue of child support regardless of whether the UCCJA conferred jurisdiction to determine custody. She maintains that Darren entered a general appearance and subjected himself to the jurisdiction of the chancery court pursuant to Mississippi Code Annotated Section 93-25-9 (Rev. 2003).
¶ 21. The enforcement of interstate child support orders is governed by the Uniform Interstate Family Support Act, codified in Mississippi Code Annotated Sections 93-25-1-117 (Supp.2003). The specific issue of jurisdiction is spoken to by Section 93-25-9(b), which provides:
In a proceeding to establish, enforce or modify a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual’s guardian or conservator if:
(b) The individual submits to the jurisdiction of this state by consent, by entering a general appearance or by filing a responsive document having the effect of waiving any contest to personal jurisdiction[.]
It thus appears that the chancellor could have exercised jurisdiction over the child support question if Darren voluntarily entered a general appearance, or filed a responsive pleading which effectively waived the issue of jurisdiction. Patricia asks this Court to hold that, consistent with Peters v. Peters, Darren entered a general appearance. Peters v. Peters, 744 So.2d 803, 805(¶ 7) (Miss.Ct.App.1999). In Peters, *1094 the Court held the filing of several answers constituted a general appearance. Id. at 805(¶ 7). However, we are unpersuaded that Peters is applicable to the facts of this case. It is correct that Darren filed a written answer. However, with leave of court Darren filed an amended answer, which contested jurisdiction. Pursuant to Mississippi Rules of Civil Procedure Rules 12(h)(1)[1] and 15(a)(e)[2], the amended answer, with its contest of jurisdiction, related back to the filing date of the original answer.
¶ 22. Darren also filed a written entry of appearance, and a motion for guardian ad litem, which Patricia argues constituted a general appearance for the purposes of exercising personal jurisdiction over Darren. However, having held that Darren’s amended answer related back to his original answer for the purposes of contesting jurisdiction, these documents do not constitute a general appearance.
¶23. Under these facts, the Chancery Court of Monroe County did not have personal jurisdiction over Darren for the purpose of modifying child support.
¶ 24. The chancellor did not abuse her discretion in dismissing the complaint, as there was no personal jurisdiction over Travis or Darren Scaife for the purpose of child custody. Nor was there jurisdiction over Darren for the purpose of child support.
¶ 25. THE JUDGMENT OF THE CHANCERY COURT OF MONROE COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES, P.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING AND BARNES, JJ., NOT PARTICIPATING.

. Mississippi Rules of Civil Procedure 12(h)(1) Waiver or Presentation of Certain Defenses. (1)A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

. Mississippi Rules of Civil Procedure Rule 15(a) Amendments. Otherwise a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading ...