958 So.2d 235 (2007)
John D. RICHARDSON, Appellant
v.
Sheri Richardson STOGNER, Appellee.
No. 2006-CA-00777-COA.
Court of Appeals of Mississippi.
May 29, 2007.
*236 Richard C. Fitzpatrick, Poplarville, attorney for appellant.
Jose Benjamin Simo, attorney for appellee.
Before KING, C.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. This domestic relations matter arose from a divorce of the parties in the State of Louisiana. Following Sheri Richardson Stogner's move to Mississippi, she filed a complaint requesting child support, which was later amended to include a request for a determination of child custody, as at the time of her complaint there was no court-issued order speaking to support or custody. Following a denial of John Richardson's motion to dismiss, which raised the defenses of lack of personal and subject matter jurisdiction, the Chancery Court of Walthall County granted Stogner legal and physical custody of the parties' son and also awarded her child support. Aggrieved by this, Richardson now appeals and raises the following issues:
I. WHETHER THE CHANCERY COURT HAD PERSONAL JURISDICTION OVER THE PERSON OF RICHARDSON REQUIRED TO ENTER AN AWARD OF CHILD SUPPORT.
II. WHETHER THE CHANCERY COURT HAD SUBJECT MATTER JURISDICTION TO ENTER THE CHILD SUPPORT AWARD.
¶ 2. Finding that the trial court lacked personal jurisdiction over Richardson and subject matter jurisdiction over the issues, we reverse and render.

FACTS AND PROCEDURAL HISTORY
¶ 3. Richardson and Stogner were married in Louisiana on May 2, 1987, and their son, Shae Richardson, was born November 22, 1987. Several years later, while the parties still lived in Louisiana, Richardson filed for divorce in the Twenty-Second Judicial District Court in the Parish of Washington in November of 2000. Within his complaint for divorce, Richardson also requested an adjudication on child custody, child support and property division. Prior to adjudication by the Washington Parish court, the parties reached an agreement, entitled "consent judgment," concerning child custody, visitation and support, and a letter explaining as such was sent to the Washington Parish court on December 4, 2001. The consent judgment stipulated, in part, that Richardson was to pay $400 per month to Stogner for child support and that Stogner would be the primary domiciliary parent. Subsequently, a judgment of divorce was entered on February 5, 2002. However, the parties' consent judgment was not sent to, nor entered by, the Washington Parish court. In accordance with the consent judgment, Richardson paid support to Stogner regularly at their *237 shared place of employment in Louisiana. In 2001, Stogner moved to Walthall County, Mississippi with Shae, though she continued to work in Louisiana. Also, Shae continued to attend school in Louisiana. Additionally, Richardson continued to pay child support at the parties' place of employment in Louisiana and he never exercised visitation with Shae in Mississippi.
¶ 4. The parties continued to abide by the consent judgment until December 6, 2005, when Stogner initiated a Rule 81 action and filed her complaint for child support and related relief in the Chancery Court of Walthall County. Though the initial hearing date was set for December 19, 2005, it was continued until March 21, 2006. Following this continuance, an agreed order setting the case for trial was signed by counsel for both parties. On February 7, 2006, Richardson filed a motion to enter the consent judgment with the Washington Parish court. The court granted the motion and signed the consent judgment the same day. On February 14, 2006, Richardson filed a motion to dismiss raising lack of subject matter jurisdiction and personal jurisdiction. On March 1, 2006, Stogner filed an amended complaint in which she requested, in addition to child support, custody of Shae. The hearing was subsequently held on March 21, 2006. Though Richardson was not present at the March 21 trial, his counsel, Richard Fitzpatrick, appeared on his behalf for the sole purpose of challenging jurisdiction. After hearing arguments from both parties, the court denied Richardson's motion to dismiss and proceeded to hear the merits of Stogner's complaint, though Fitzpatrick declined to participate. Following the testimony of Stogner, the court ordered that Richardson pay child support in the amount of $629.68 per month, provide health insurance for Shae, pay one half of other reasonable and necessary medical, dental, optical and pharmaceutical expenses and one-half of Shea's post-secondary education expenses. Additionally, the court awarded legal and physical custody of Shae to Stogner, subject to reasonable visitation rights of Richardson. Following this ruling, Richardson appealed.

ANALYSIS
¶ 5. Our standard of review concerning questions of personal and subject matter jurisdiction is de novo. Patriot Commer. Leasing Co. v. Jerry Enis Motors, Inc., 928 So.2d 856(¶ 22) (Miss.2006).
I. WHETHER THE CHANCERY COURT OF WALTHALL COUNTY HAD PERSONAL JURISDICTION OVER RICHARDSON SUFFICIENT TO ENTER THE CHILD SUPPORT AWARD.
¶ 6. Richardson argues that the order awarding child support issued by the trial court is void as it lacked personal jurisdiction over him. In support, Richardson cites Scaife v. Scaife, 880 So.2d 1089 (Miss. Ct.App.2004) and Gowdey v. Gowdey, 825 So.2d 67 (Miss.Ct.App.2002). However, both cases are distinguishable from the facts before us. In Scaife, it was argued that the non-resident respondent in a child support action entered a general appearance by filing an answer without contesting personal jurisdiction. Scaife, 880 So.2d at (¶ 20). However, as a result of the respondent filing an amended answer which raised the issue of jurisdiction, this Court held that no general appearance was made as the defense related back to the filing of the original answer. Id. at (¶ 23). Similarly, in Gowdey, which also involved a non-resident respondent, though this Court decided the case on the basis of a lack of subject matter jurisdiction, the underlying facts of Gowdey show that the respondent filed a motion for continuance along with a response contesting jurisdiction. Gowdey, 825 So.2d at (¶¶ 1, 10). *238 The facts of the case at hand show that Richardson's counsel agreed to an order setting the case for trial prior to his filing of a motion to dismiss. As such, the precise issue before us is, in a Rule 81 matter, whether agreeing to an order setting the case for trial acts as a general appearance or otherwise waives the defense of lack of personal jurisdiction.
¶ 7. In order for a judgment imposing a duty to pay child support to be valid, the issuing court must have jurisdiction over the person of the defendant. Department of Human Servs. v. Shelnut, 772 So.2d 1041(¶ 10) (Miss.2000) (citing Hamm v. Hall, 693 So.2d 906, 909 (Miss.1997)). As this domestic relations matter originated in Louisana, the Uniform Interstate Family Support Act (UIFSA), codified in sections 93-25-1 through XX-XX-XXX of the Mississippi Code Annotated, controls. Within the confines of the UIFSA, section 93-25-9 provides the basis for personal jurisdiction over a non-resident, and states as follows:
In a proceeding to establish or enforce a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:
(a) The individual is personally served with process within this state;
(b) The individual submits to the jurisdiction of this state by consent, by entering a general appearance or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
(c) The individual resided with the child in this state;
(d) The individual resided in this state and provided prenatal expenses or support for the child;
(e) The child resides in this state as a result of the acts or directives of the individual;
(f) The individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;
(g) The individual asserted parentage as provided by law; or
(h) There is any other basis consistent with the Constitutions of this state and the United States for the exercise of personal jurisdiction.
Unless Section 93-25-101 or XX-XX-XXX applies, the bases of personal jurisdiction set forth in this section may not be used to acquire jurisdiction for a tribunal of this state to modify a child support order issued by a tribunal of another state.
Miss.Code Ann. § 93-25-9 (Rev.2004).
¶ 8. In the case sub judice, the parties were residents of Louisiana at the time of marriage, conception of their child and at the time of divorce. While Stogner would eventually relocate to Mississippi, Richardson would remain in Louisiana and, as indicated in the record, had no contacts with the State of Mississippi. In fact, there is nothing in the record to indicate that Richardson has ever in any way entered the State of Mississippi. Though he was personally served with a Rule 81 summons at his place of employment in Louisiana, that alone does not impart a Mississippi court with personal jurisdiction over him. Additionally, none of the paragraphs of section 93-25-9 would grant a court personal jurisdiction over Richardson with the possible exception of paragraph (b). Therefore, we must determine if Richardson "submit[ted] to the jurisdiction of this state by consent, by entering a general appearance or by filing a responsive document having the effect of waiving any contest to personal jurisdiction."
¶ 9. In denying Richardson's motion to dismiss, the trial court indicated that it obtained personal jurisdiction over him when his counsel agreed to an order *239 setting the case for trial. Rule 12(h) of the Mississippi Rules of Civil Procedure states that the defense of lack of personal jurisdiction is waived "(A) if omitted from a motion [made under Rule 12]. . . . or (B) if it is neither made by a motion under this rule nor included in a responsive pleading . . ." M.R.C.P. 12(h). However, if no responsive pleading is required, any defense in law or fact may be asserted at trial. M.R.C.P 12(b). In child support actions, Rule 81 instructs that no answer is required, absent a request by the court. M.R.C.P. 81(d)(1), (4). This has been interpreted to mean that an affirmative defense is not waived, and may be raised at trial, even if absent from a responsive pleading as no responsive pleading is required. Miss. Dep't of Human Servs. v. Guidry, 830 So 2d 628(¶ 23) (Miss.2002). As such, in the context of a Rule 81 matter, we cannot say that the lone action of agreeing to an order setting the case for trial acts as a general appearance or otherwise waives the defense that the court lacks personal jurisdiction. Pursuant to Rules 12(b) and 81(d), Richardson could have raised the defense of lack of personal jurisdiction for the first time at trial. Therefore, the act of agreeing to set the case for trial, without speaking to the merits of the matter (such as setting temporary child support and custody within the order), is not a general appearance for the purpose of exercising personal jurisdiction over Richardson. Therefore, the trial court did not have personal jurisdiction over Richardson for the purpose of establishing child support.
II. WHETHER THE CHANCERY COURT HAD SUBJECT MATTER JURISDICTION TO ENTER THE CHILD SUPPORT AWARD.
A. CHILD SUPPORT
¶ 10. In his November 2000 complaint for divorce, Richardson requested a determination of child support and child custody. He and Stogner would subsequently come to an agreement on those issues and inform the Louisiana court of their "consent judgment" detailing the specifics they agreed upon concerning child support, child custody and other issues. However, through an oversight by Richardson's then counsel, this judgment was never presented to the court for formal ratification until February of 2006. It appears that the parties thought the consent judgment had in fact been entered by the Louisiana district court in 2001 as they abided by its terms until Stogner initiated her Mississippi action. Richardson argues that his initial request for a determination of the issues placed continuing and exclusive subject matter jurisdiction over the matter with Louisiana courts.
¶ 11. So long as Louisiana remains the residence of the obligor, a tribunal of that state issuing a support order consistent with its laws retains continuing and exclusive jurisdiction over a child support order. La. Child Code Ann art. 1302.5 (2007). In Louisiana, an action is deemed abandoned if no steps are taken in its prosecution or defense for a period of three years. La. Code Civ. Proc. Ann. A(1) 561 (2007). However, article 561 "is not designed to dismiss actions on mere technicalities." Benjamin-Jenkins v. Lawson, 781 So.2d 893, 895 (La.Ct.App.2001). In Richardson's motion to enter the consent judgment filed with the Washington Parish court on February 7, 2006, he explained that the parties were granted a divorce in February of 2001, but the consent judgment detailing their agreement as to child support and custody was never filed with the court. Nevertheless, Richardson's motion was granted and the consent judgment was signed by the court on February 7, 2006. Implicit in the court's granting of the motion *240 was a determination by the court that the action had not been abandoned despite the delay. The record before us contains no evidence that Stogner appealed or otherwise questioned this determination in Louisiana. Therefore, from November 2001, when Richardson filed for divorce and requested an adjudication of child support and custody, to February 7, 2006, when the Washington Parish court entered the consent judgment, there was an active request for a determination of child support and custody between the parties in Louisiana.
¶ 12. In a case such as this, in order for a Mississippi court to obtain subject matter jurisdiction over the establishment of child support, Mississippi Code Annotated section 93-25-15 states, in pertinent part:
(1) A tribunal of this state may exercise jurisdiction to establish a support order if the petition or comparable pleading is filed after a petition or comparable pleading is filed in another state only if:
(a) The petition or comparable pleading in this state is filed before the expiration of the time allowed in the other state for filing a responsive pleading challenging the exercise of jurisdiction by the other state;
(b) The contesting party timely challenges the exercise of jurisdiction in the other state; and
(c) If relevant, this state is the home state of the child.
Miss.Code Ann. § 93-25-15 (Rev.2004). It is clear from the record that Stogner never challenged the jurisdiction of the Louisiana courts to establish child support. Therefore, the Chancery Court of Walthall County did not have subject matter jurisdiction needed in order to establish a support order. Additionally, pursuant to article 1302.5 of the Louisiana Children's Code, noted above, when the Washington Parish court finally entered the consent judgment on February 7, 2006, it obtained continuing and exclusive jurisdiction over the matter.
B. CHILD CUSTODY
¶ 13. Our Uniform Child Custody Jurisdiction and Enforcement Act, section 93-27-206 states, in pertinent part:
Except as otherwise provided in Section 93-27-204, a court of this state may not exercise its jurisdiction under this act if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 93-27-207.
Miss.Code Ann. § 93-27-206(1) (Rev.2004). Under Louisiana's Uniform Child Custody Jurisdiction Law, a Louisiana "court . . . which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if . . . [Louisiana] is the home state of the child at the time of commencement of the proceeding[.]" La. Rev.Stat. 1702 A(1) The initial pleading requesting a determination of child custody was filed in Louisiana in November of 2001. As discussed supra, while there was a five-year delay from the initial filing and an adjudication of child custody, the action was not abandoned or otherwise terminated. As Louisiana was the home state of the parties' child at the time of commencement of the Louisiana action, the Louisiana court had jurisdiction to decide the matter. As such, pursuant to section 93-27-206, the Chancery Court of Walthall *241 County did not have subject matter jurisdiction to decide the issue.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF WALTHALL COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.