APPEALS COURT 
 
 DEVAN ARANGA RAMANUJAM vs. ANUSHA AIYALOO KANNAN

 
 Docket:
 24-P-658
 
 
 Dates:
 May 14, 2025 – August 7, 2025
 
 
 Present:
 Sacks, Englander, & Walsh, JJ.
 
 
 County:
 Essex
 

 
 Keywords:
 Divorce and Separation, Appeal, Child support, Judgment, Jurisdiction. Probate Court, Divorce, Jurisdiction. Jurisdiction, Child support, Divorce proceedings, Probate Court. Uniform Interstate Family Support Act. Judicial Estoppel.
 
 

  Complaint
for divorce filed in the Essex Division of the Probate and Family Court
Department on March 16, 2018.
      The case was heard by Elizabeth Teixeira,
J. 
Matthew
P. Barach (Francesca M. Blazina also present) for the husband.
Jennifer
M. Lamanna for the wife.
ENGLANDER,
J.  In this appeal from a judgment of
divorce nisi, the husband's principal complaint is that the judgment's award of
child support must be reversed because the Probate and Family Court allegedly
lacked subject matter jurisdiction over that particular issue.  The husband argues that the wife initially
sought child support in New York, where she and the children reside, and accordingly
that under G. L. c. 209D, § 2-204 (§ 2-204), applicable to
simultaneous child support proceedings, the Massachusetts court lacked
"jurisdiction."
      Applying § 2-204 in this case,
however, we conclude that the Massachusetts judge properly exercised
jurisdiction over the child support issue. 
Most fundamentally, this is because the husband's first-in-time
complaint for divorce was filed in Massachusetts, where the husband resides and
the family resided together until 2017; that complaint established subject
matter jurisdiction in Massachusetts over child support issues, and no
subsequent actions of the wife had the effect of shifting jurisdiction to New
York under § 2-204.  We note, in
addition, our skepticism that the husband can raise this § 2-204 issue for
the first time on appeal (as purportedly involving "subject matter
jurisdiction") -- particularly where the husband succeeded in having
competing child support proceedings in New York dismissed, after arguing that
the New York courts lacked personal jurisdiction over him.
      The husband challenges two other
provisions in the judgment.  These two
provisions required the husband to make additional payments to the wife -- in
numbered paragraph 3 (paragraph 3), based on a percentage of the husband's potential
future income from bonuses, and in numbered paragraph 4 (paragraph 4), based on
a percentage of future income from the husband's business ventures.  Notably, the wife agrees that the provision
in paragraph 4 of the judgment regarding payments based upon the husband's
business ventures must be vacated, as do we. 
For the reasons discussed below, the judgment is otherwise affirmed.
      Background.  The husband and the wife married in 2002, and
last lived together, in Massachusetts, in July of 2017.  They have two children, born in 2007 and
2012.  In 2017, the wife and the children
went to live in New York.  The husband
filed this Massachusetts divorce case in March 2018.
      As to child support, the history is a bit
convoluted.  The wife filed the first express
request for an order of child support in a counterclaim in this Massachusetts
divorce case, on April 1, 2019.  Shortly
thereafter, on April 22, 2019, the wife filed a petition for child support in
New York, and on June 24, 2019, the wife dismissed her Massachusetts request
for child support.  Although the husband
filed for divorce in 2018, it appears that the husband's first specific request
to adjudicate child support in Massachusetts was a motion for a temporary order
as to child support, filed on or about June 27, 2019. 
      Subsequently, in August of 2019 the
husband filed a motion to amend his divorce complaint to seek "court
ordered . . . child support," as well as court-ordered custody
and parenting time.  The wife opposed the
motion, citing G. L. c. 209D, § 2-204, among other
authority.  In September of 2019, the
wife moved to have the Massachusetts judge decline to exercise jurisdiction
over all issues as to the children -- custody, parenting time, and child
support -- in favor of the courts in New York, where the children reside.  The wife specifically argued that as a result
of § 2-204 the Massachusetts courts could not exercise jurisdiction over
child support; the husband opposed the wife's motion.  In November of 2019, a Massachusetts judge issued
an order declining jurisdiction over the issues of custody and parenting time;
as to child support, however, the court retained jurisdiction.
      By November of 2019, the wife had filed
two requests for child support in New York, including her original April 2019
petition, and a subsequent petition filed in October 2019.  Following the November 8, 2019 order of the
Massachusetts judge retaining jurisdiction over child support, on November 18,
2019 the New York court dismissed the wife's April 2019 child support
petition.  Evidently, however, another of
the wife's child support petitions remained pending in New York.  Thereafter, the husband filed a motion to
dismiss the remaining New York child support petition on the ground, among
others, that the New York courts lacked personal jurisdiction over him.  Thus, a New York filing by the husband in
August of 2020 averred and argued that Massachusetts "certainly has
jurisdiction to address the issue of child support," that the husband
"does not consent to New York jurisdiction over child support," and
that "New York lacks jurisdiction over the [husband]."  In September of 2020, the New York court
dismissed the wife's extant petition for child support "due to lack of
jurisdiction," noting that "the Essex Probate [and] Family Court
. . . has continued to have jurisdiction over support
issues."  
      The divorce trial occurred in
Massachusetts on January 4, 2022.  At
that time there was no pending proceeding for child support in New York, as the
remaining New York child support petition had been dismissed in September of
2020.  In the January 2024 divorce
judgment, the judge (1) awarded the wife child support of $540 per week,
beginning January 4, 2022; (2) ordered payment by the husband of child
support arrears of $74,431; (3) ordered the husband to pay
"twenty-three percent of any gross bonus in the future as additional child
support"; and (4) ordered the husband to pay to the wife
"twenty-three percent of any gross receipts from [his consulting company]
or any other business venture." 
This appeal followed.
      Discussion.  Jurisdiction under G. L. c. 209D,
§ 2-204. 
The husband
argues that pursuant to § 2-204, the judge lacked "subject matter
jurisdiction" to award child support. 
Notably, the husband never made this argument in the trial court --
either at trial, or in a motion for relief from judgment under Mass. R. Dom.
Rel. P. 60.  In fact, the husband took
the contrary position in the Massachusetts court.  The husband points out, however, that the
court's subject matter jurisdiction may be challenged at any time.  See Commonwealth v. Nick N., 486 Mass. 696,
702 (2021).  We reject the husband's
argument here, however, because under § 2-204 the Massachusetts court
properly exercised jurisdiction.
      Section 2-204 states in full:
"Simultaneous
proceedings.
"(a) A
tribunal of the commonwealth may exercise jurisdiction to establish a support
order if the petition or comparable pleading is filed after a pleading is filed
in another state or a foreign country only if:
"(1) the
petition or comparable pleading in the commonwealth is filed before the
expiration of the time allowed in the other state or the foreign country for
filing a responsive pleading challenging the exercise of jurisdiction by the
other state or the foreign country;
"(2) the
contesting party timely challenges the exercise of jurisdiction in the other
state or the foreign country; and
"(3) if
relevant, the commonwealth is the home state of the child.
"(b) A
tribunal of the commonwealth may not exercise jurisdiction to establish a
support order if the petition or comparable pleading is filed before a petition
or comparable pleading is filed in another state or a foreign country if:
"(1) The
petition or comparable pleading in the other state or foreign country is filed
before the expiration of the time allowed in the commonwealth for filing a
responsive pleading challenging the exercise of jurisdiction by the
commonwealth;
"(2) the
contesting party timely challenges the exercise of jurisdiction in the
commonwealth; and
"(3) if
relevant, the other state or foreign country is the home state of the
child."
      Section 2-204 is part of the Uniform
Interstate Family Support Act (UIFSA), which Massachusetts first adopted in
1995 and amended in 2016.  On its face,
§ 2-204 is addressed to the problem that arises when, in addition to a
"support" "proceeding[]" in Massachusetts, there is also a
simultaneous support proceeding between the same parties in "another state
or a foreign country."  Under those
circumstances, § 2-204 establishes the circumstances when Massachusetts
courts may, and may not, "exercise jurisdiction."  The object, of course, is to have support
proceedings move forward in only one jurisdiction, to avoid conflict and in the
interest of efficiency.  See Cohen v.
Cohen, 470 Mass. 708, 713 (2015), quoting Child Support Enforcement Div. of
Alaska v. Brenckle, 424 Mass. 214, 218 (1997) ("UIFSA aims to cure the
problem of conflicting support orders entered by multiple courts, and provides
for the exercise of continuing, exclusive jurisdiction by one tribunal over
support orders").
      Section 2-204 is not a model of clarity,
but it is helpful to recognize that its two subsections are divided by whether
a "petition or comparable pleading" involving "support" was
first filed in Massachusetts, or whether it was first filed in another State or
foreign country.  The statute does not
actually use the term "first filed," but subsection (b) applies
if the petition or comparable pleading was filed in Massachusetts
"before" a filing in another State, whereas subsection (a)
applies if it was filed in Massachusetts "after" a filing in another
State.  On the facts here we conclude
that the provisions of subsection (b) apply because, as discussed below,
the first filing involving child support in this case was the husband's
complaint for divorce in Massachusetts, filed in 2018.
      On appeal, the husband's § 2-204
argument assumes the contrary position; that is, the husband assumes that for
purposes of § 2-204 the first filing involving child support was the
wife's petition in New York, filed on April 22, 2019.  There is more than one problem with the
husband's argument,[1] but we will stick with the more straightforward
one:  the husband's divorce complaint in Massachusetts
came first.  By statute, the husband's
complaint for divorce automatically invoked the jurisdiction of the
Massachusetts Probate and Family Court to consider and to award child support.  General Laws c. 208, § 28,
states:  "Upon a judgment for
divorce, the court may make such judgment as it considers expedient relative to
the care, custody and maintenance of the minor children of the parties
. . . ."  This power
is not dependent on a party specifically requesting a support order in the
complaint for divorce or answer.  Indeed,
even where the parties enter into a separation agreement fixing child support,
which agreement is not incorporated in the decree nisi, such an agreement does
not "oust the jurisdiction of the Probate Court under G. L. c. 208,
§§ 28, 37, over continuing problems of support of the minor
children."  Kates v. Kates, 347
Mass. 783, 783 (1964).  See White v.
Laingor, 434 Mass. 64, 68 (2001) ("[T]he presence of a negotiated
agreement between the parents does not exempt judges from the need to protect
children"); Taverna v. Pizzi, 430 Mass. 882, 882-885 (2000) (court had
authority to award child support, including retroactive child support, where
prior divorce judgment -- which reflected parties' agreement -- had not addressed
only child of marriage).  In short, the
husband's divorce filing vested the Massachusetts Probate and Family Court with
jurisdiction over the support of the parties' minor children, and accordingly
the divorce filing qualifies under § 2-204 as a "petition or comparable
pleading" for a "support order."
      Once it is established that § 2-204
subsection (b) applies (because a child support petition or comparable
pleading was filed in Massachusetts before one was filed elsewhere), then under
that subsection (b) a Massachusetts court may "exercise jurisdiction"
unless the "contesting party" can meet each of subsections
(b) (1), (b) (2), and (b) (3). 
Here the husband has not shown facts that meet at least subsection
(b) (1).  In particular, the facts
do not demonstrate that the wife's April 22, 2019 child support petition in New
York (on which the husband now relies) was filed "before the expiration of
the time . . . for filing a responsive pleading challenging the
exercise of jurisdiction by the commonwealth."  § 2-204 (b) (1).  To the contrary, after the husband filed his
complaint for divorce in 2018, the wife filed for child support first in
Massachusetts, on April 1, 2019.  Moreover,
at that time her answer to the husband's divorce complaint did not contest
Massachusetts jurisdiction over child support.[2]  Put differently, this is not a case where the
husband filed for divorce in Massachusetts, and the wife responded by filing
for child support in New York and timely contesting Massachusetts jurisdiction
over that issue.  Quite the
contrary.  Because the facts do not
satisfy the requirement of subsection (b) (1), the husband's
jurisdictional challenge fails.
      While the above analysis disposes of the
husband's jurisdictional argument, we would be remiss if we did not address the
manifest unfairness of the husband's argument. 
The husband filed for divorce in Massachusetts, and the husband
successfully argued against child support proceedings in New York -- including
an argument that the New York courts lacked jurisdiction over him.  It is quite remarkable for the husband now to
reverse course, and seek to overturn the Massachusetts child support order on
jurisdictional grounds.
      The foundation of the husband's argument
on appeal is that § 2-204 is about "subject matter
jurisdiction," and that a party may raise the lack of subject matter
jurisdiction at any time, even after judgment. 
By labeling § 2-204 as affecting "subject matter
jurisdiction," the husband thus seeks to absolve his failure to raise the
issue in the trial court.  Equally
important, by labeling the issue as one of subject matter jurisdiction, the
husband also seeks to avoid the application of judicial estoppel, which
otherwise likely would have pretermitted his jurisdictional argument.[3]
      We need not decide, but we note that it is
not at all clear that § 2-204 addresses the existence of subject matter
jurisdiction.  Rather, § 2-204
appears to regulate the exercise of jurisdiction.  Indeed, that is the plain language of the
statute -- that the Massachusetts courts may, or may not "exercise"
jurisdiction, suggesting that the courts have subject matter jurisdiction, but
should forego its exercise.[4]  This
reading of § 2-204 is also consistent with traditional understandings of
subject matter jurisdiction.  As we
recently explained in V.M. v. R.B., 94 Mass. App. Ct. 522, 525-526 (2018):
"Subject
matter jurisdiction is jurisdiction over the nature of the case and the type of
relief sought.  Simply put, the question
is:  Has the Legislature empowered the
court to hear cases of a certain genre?
"Labeling a
particular fact as jurisdictional has far-reaching consequences.  The issue of subject matter jurisdiction can
be raised at any time.  Tardy
jurisdictional objections can therefore result in a waste of adjudicatory
resources and can disturbingly disarm litigants" (quotations and citations
omitted).
      Here, as we discussed above, the Probate
and Family Court plainly has subject matter jurisdiction to enter a child
support order in a divorce case.  That is
the "genre" of claim at issue. 
The question the husband's argument begs is whether § 2-204 carves
a narrow exception to that fundamental power. 
Alternatively, § 2-204 could merely embody a jurisdictional concept
that is less fundamental and that is accordingly waivable, as with personal
jurisdiction, or venue.  See American
Int'l Ins. Co. v. Robert Seuffer GMBH & Co. KG, 468 Mass. 109, 113-114,
cert. denied, 574 U.S. 1061 (2014), quoting Mass. R. Civ. P. 12 (h) (1), as
appearing in 450 Mass. 1403 (2008) (personal jurisdiction waivable); Markelson
v. Director of the Div. of Employment Sec., 383 Mass. 516, 518 (1981), quoting
Paige v. Sinclair, 237 Mass. 482, 484 (1921) (venue waivable).  See also Upson v. Wallace, 3 A.3d 1148, 1155
(D.C. 2010), cert. denied, 565 U.S. 862 (2011), quoting B.J.P. v. R.W.P., 637
A.2d 74, 78-79 (D.C. 1994) ("[T]he purported lack of subject matter
jurisdiction based on territorial considerations -- a fair characterization of
the asserted defect here -- has been held to be analytically similar to
improper venue; it does not go to the power of the court to adjudicate the
case, and may be waived if not asserted in [a] timely fashion").  V.M., 94 Mass. App. Ct. at 525-526, quite
rightly warns against unnecessarily labeling an issue as "subject matter
jurisdiction," and the language and structure of § 2-204 itself speak
against the notion that it goes to a court's fundamental power.[5]
      The husband raises two additional
arguments.  As to the husband's challenge
to paragraph 4 of the 2024 judgment of divorce, the wife concedes that
paragraph 4 should be vacated and the matter remanded.  Paragraph 4 states that the husband
"shall pay to the Wife twenty-three percent of any gross receipts from
[the husband's consulting company] or any other business venture."  The paragraph does not state whether this
award is child support, alimony, or a division of property, and the award is
not addressed in the judge's rationale. 
As additional findings are required, the paragraph 4 award is vacated.
      As to paragraph 3 of the judgment, the
award set forth there, from any future "bonus[es]," is explicitly for
"additional child support." 
The twenty-three percent award is consistent with the judge's overall
child support award and is supported by the judge's findings and
rationale.  The award in paragraph 3 is
accordingly affirmed.[6]
      Paragraph 4 of the judgment is
vacated.  In all other respects, the
judgment is affirmed.  The matter is
remanded for further proceedings consistent with this opinion.
So ordered.

footnotes
 

[1] The wife
first filed a claim for child support in Massachusetts on April 1, 2019.  She dismissed that claim in June of
2019.  The husband's argument appears to
treat the wife's first filing in Massachusetts as a nullity for § 2-204
purposes, although it is not clear why.

[2] The wife's
"Answer & Amended Counterclaim," filed on April 1, 2019, omitted
a challenge to jurisdiction over child support. 

[3] Judicial
estoppel "precludes a party in certain circumstances from asserting a
position in one proceeding that is contrary to a position that the party
previously asserted successfully in another proceeding."  Commonwealth v. Ng, 489 Mass. 242, 255
(2022), S.C., 491 Mass. 247 (2023), quoting East Cambridge Sav. Bank v. Wheeler,
422 Mass. 621, 621 (1996).  While the
elements of judicial estoppel appear to be met here, it appears that the
doctrine would not apply if subject matter jurisdiction is truly at issue.  See Lee v. Mt. Ivy Press, L.P., 63 Mass. App.
Ct. 538, 547 & n.20 (2005).

[4] Courts in
other States have reached inconsistent conclusions as to whether UIFSA
§ 204 establishes a principle of subject matter jurisdiction, as
traditionally understood.  The District
of Columbia Court of Appeals held that "jurisdiction" established
under UIFSA § 204 is "waivable." 
Upson v. Wallace, 3 A.3d 1148, 1155-1156 (D.C. 2010), cert. denied, 565
U.S. 862 (2011) (describing UIFSA jurisdiction as "analytically similar to
improper venue").  Cf. Kasdan v.
Berney, 587 N.W.2d 319, 324 (Minn. Ct. App. 1999) (noting that Minnesota court
had subject matter jurisdiction over child support modification matter, even
though under circumstances it was "precluded from exercising that
jurisdiction under [UIFSA § 204]"). 
In contrast, other States have considered their analogs to § 2-204
to control the existence of subject matter jurisdiction.  See Richardson v. Stogner, 958 So. 2d 235,
240 (Miss. Ct. App. 2007); Ellithorp v. Ellithorp, 212 W. Va. 484, 492-493
(2002).

[5] Compare
Cohen, 470 Mass. at 713-715.  Cohen
addresses two provisions of UIFSA, G. L. c. 209D, §§ 2-205 and
6-611, which use different language than § 2-204.  These provisions establish the
"continuing, exclusive jurisdiction" of a court that has already
entered a child support order; when a court has done so, "no other court
may modify that order for as long as the obligee, obligor, or child for whose
benefit the order is entered continues to reside within the jurisdiction of
that court unless each party consents in writing to another
jurisdiction."  Cohen, supra at
713-714, quoting Brenckle, 424 Mass. at 218. 
The Cohen decision holds under §§ 2-205 and 6-611 that a Massachusetts
court lacked "jurisdiction" to modify the child support order of the
court of another State, and that the issue was not waived, notwithstanding that
the appellant did not challenge the jurisdiction of the Massachusetts trial
court prior to appeal.  Cohen, supra at
713-715.  As indicated, Cohen is
distinguishable because the language of §§ 2-205 and 6-611 is materially
different from § 2-204.  Moreover,
we note that even this "exclusive" jurisdiction of §§ 2-205 and
6-611 is waivable by agreement of the parties. 
See G. L. c. 209D, § 6-611 (a) (2) (Commonwealth may modify child
support order issued in another State where, among other factors, all parties
consent). 

[6] The wife's
request for appellate attorney's fees is denied.